FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JOSHUA JOFFE,

Defendant.

08-CR-206

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On April 4, 2008, Joshua Joffe plead guilty to a single-count information, which charged that between 1999 and 2004 the defendant, together with others, conspired to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the United States Department of Treasury in the ascertainment, computation, and collection of revenue; specifically the filing of income taxes pursuant to 26 U.S.C. § 7201, in violation of 18 U.S.C. § 371.

Joffe was sentenced on June 1, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 37 and 46 months. The offense carried a maximum term of imprisonment of 5 years. 18 U.S.C. § 371. The guidelines range of fine was from $7,500 to $75,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Joffe was sentenced to two years' incarceration and three years' supervised release. A $100 special assessment was imposed. Restitution was ordered in the amount of $1,900,000 owed to the United States Internal Revenue Service. Restitution is payable at the rate of $100 per month, starting six months after defendant's release from incarceration. In the event that defendant's ability to pay restitution improves, the government may apply for an increase in the monthly restitution payments. All payments toward restitution are to be made to the Clerk of Court, who will transfer the amounts paid to the United States. No fines were imposed because

the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that defendant's early cooperation enabled investigators from the beginning of this investigation to understand the methods by which the fraudulent scheme was accomplished and to identify and prosecute other participants in the scheme. 18 U.S.C. § 3553(e). Defendant also provided information and assistance to law enforcement agents in investigating fraudulent practices by others in the publishing industry.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant's serious offense involved fraud on the government, fraud on the company of which defendant was an employee, and the eventual bankruptcy and destruction of that company, which had once employed about one hundred people. Defendant had a good record and a good family life; the court does not consider in sentencing the romantic relationship between Joffe and the widow of the founder of the company. The defendant receives no credit for cooperating with the bankruptcy trustee in the related bankruptcy litigation; defendant's failure to cooperate in the bankruptcy proceeding is given no consideration. After tentatively indicating that a sentence of 30 months would be appropriate, the court adjourned sentencing for several days to reconsider the significance of defendant's cooperation and the government's 5K1 letter. On further reflection, a sentence of

two years reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. A substantial sentence is required because this is a white collar crime by a highly intelligent and competent defendant who is capable of being deterred. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in tax fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his supportive family, his age, his remorse, and his extensive cooperation with the government.

Jack B. Weinstein
Senior United States District Judge

Dated: June 4, 2010
       Brooklyn, New York